**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4013**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD EUGENE WALKER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:14-cr-00271-WO-1)

Submitted: March 29, 2021                                    Decided: April 1, 2021

Before NIEMEYER, MOTZ, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Scott Coalter, COALTER LAW P.L.L.C., Greensboro, North Carolina, for Appellant. JoAnna Gibson McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case returns to us after remand for resentencing. *See United States v. Walker*, 934 F.3d 375 (4th Cir. 2019). Donald Eugene Walker appeals the 348-month sentence imposed by the district court for his conviction for kidnapping, in violation of 18 U.S.C. § 1201(a)(1). Walker's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Walker's sentence is reasonable. Walker has filed two pro se supplemental briefs, raising additional issues.[*] We affirm.

We review a "sentence[]—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). To pass this review, the sentence must be both procedurally and substantively reasonable. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing]

---

[*] Walker asserts in his pro se briefs that (1) the district court did not have subject-matter jurisdiction over his kidnapping offense, (2) the district court used an incorrect version of the United States Sentencing Guidelines Manual at resentencing, (3) the federal kidnapping statute is void for vagueness, and (4) the court erroneously failed to lower his sentence after he successfully appealed his original convictions. We have carefully considered Walker's arguments and conclude that they are without merit.

2

into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "A sentence that is within or below a properly calculated Guidelines range is presumptively reasonable. On appeal, such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (citation and internal quotation marks omitted).

We conclude that the district court committed no significant procedural error. The court properly calculated the Guidelines range, responded to Walker's sentencing arguments, applied the § 3553(a) factors, and sufficiently explained the chosen sentence, finding that violent nature of the offense and the seriousness of Walker's criminal history necessitated Walker's sentence, even considering the positive improvements Walker made while incarcerated. We also conclude that the sentence is substantively reasonable. The 348-month sentence is below the Guidelines range, and there is nothing in the record to rebut the presumption of reasonableness accorded to it. *See id.*

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's amended criminal judgment. This court requires that counsel inform Walker, in writing, of the right to petition the Supreme Court of the United States for further review. If Walker requests that counsel file such a petition, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw form representation. Counsel's motion must state that counsel served a copy thereof on Walker.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*